AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED
2007 JAN -3 AM 10: 20
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
DAVID CARY MAYER (01)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 05CR0343-JM

BENJAMIN COLEMAN, RET
Defendant's Attorney

REGISTRATION NO. 93342198

[x] Clerical error in supervised release period and spelling of defendants middle name.

THE DEFENDANT:
[x] pleaded guilty to count(s)   TWO OF THE INDICTMENT.
[ ] was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2423(b) | TRAVEL IN INTERSTATE COMMERCE WITH THE INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT. | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[x] Count(s)  REMAINING    is [ ] are [x] dismissed on the motion of the United States.

[x] Assessment: $100

[x] Fine waived          [ ] Property forfeited pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

AUGUST 11, 2006
Date of Imposition of Sentence

_[signature]_
HON. JEFFREY T. MILLER
UNITED STATES DISTRICT JUDGE

Entered Date:
05CR0343-JM


AO 245B (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 4

DEFENDANT: DAVID CARY MAYER (01)
CASE NUMBER: 05CR0343-JM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

THIRTY-SEVEN (37) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

05CR0343-JM

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 4

DEFENDANT: DAVID CARY MAYER (01)
CASE NUMBER: 05CR0343-JM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

TWELVE (12) YEARS.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

05CR0343-JM

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 3 — Continued 2 — Supervised Release

Judgment—Page __4__ of __4__

DEFENDANT: DAVID CARY MAYER (01)
CASE NUMBER: 05CR0343-JM

## SPECIAL CONDITIONS OF SUPERVISION

[x] SEE WORD PERFECT DOCUMENT FOR PAGE 4 OF THE SUPERVISED RELEASE CONDITIONS.

05CR0343-JM

AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Continued 2 — Supervised Release

Judgment—Page __4__ of __4__

DEFENDANT:     DAVID CARY MAYER (01)
CASE NUMBER:   05CR0343-JM

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the defendant participate and successfully complete an approved state-certified sex offender treatment program. The defendant shall allow reciprocal release of information between the probation officer and the treatment provider, and pay all cost associated with this treatment.

2) The defendant shall participate in a program of mental health treatment, specifically related to sexual offender therapy. The defendant shall enter, cooperate and complete any such program until released by the probation officer. The defendant shall abide by all program rules and regulations, including participating in any clinical psychosexual testing and/or assessment, at the direction of the probation officer or therapist. The defendant shall take all medication as prescribed by the psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

3) The defendant shall not use a computer, recording device, facsimile or similar device to access child pornography. The defendant shall consent to random inspection of the computer an to the installation of computer software that will enable the probation officer to monitor computer use on any computer owned, used, or controlled by the defendant. The defendant shall pay for the cost of installation of the software. The defendant shall not possess or use any data encryption techniques or program.

4) The defendant shall not have contact with any child under the age of 18 including contact via telephone, Internet, or mail, unless in the presence of a supervising adult (who is aware of the defendant's conviction in the instant offense), and with prior approval of the probation officer. The defendant shall immediately report and unauthorized contact with minor-aged children to the probation officer.

5) The defendant shall not knowingly associate with, or have any contact with any sex offenders unless in an approved treatment and/or counseling setting.

6) The defendant shall not be employed in or participate in any volunteer activity that involves contact with children under the age of 18, except under circumstances approved in advance (and in writing) by the probation officer.

7) The defendant shall consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

8) The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency, The defendant shall register with the state sex offender registration agency in any state where the defendant resides, throughout the period of supervision. This requirement includes any state where the offender may reside, work, or is a student.

9) The defendant is not to possess firearms, explosive devices, or other dangerous weapons.

10) The defendant is to submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

11) The defendant is not travel internationally without the permission of the probation officer.